IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARKUS DOWDY,

   Plaintiff,

v.                                       Civil Action No.:  DKC-23-323

BEN STEVENSON, *et al.*,

   Defendants.

## MEMORANDUM OPINION

Self-represented plaintiff Markus Dowdy, who was previously incarcerated at Montgomery County Correctional Facility ("MCCF"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[1]  Because Mr. Dowdy appears indigent, his request to proceed without pre-payment of the filing fee will be granted.  However, the complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Mr. Dowdy proceeds *in forma pauperis*, the court retains an independent duty to review the claims for sufficiency.  *See* 28 U.S.C. § 1915(e) and 1915A.  Accordingly, the court must dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such suit.  *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A.

The court is also mindful of its obligation to accord liberal construction to the pleadings of self-represented litigants such as Mr. Dowdy.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that the court can ignore a clear failure in the

---

[1] Mr. Dowdy was incarcerated when he filed the complaint, but he has since been released. *See* ECF No. 4 (noting Mr. Dowdy's change of address to an apartment in Silver Spring, Maryland).

pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Mr. Dowdy alleges that on February 13, 2023, while incarcerated at MCCF, he gave Officer Becham seven books that his family had ordered for him. ECF No. 1 at 2. Mr. Dowdy states that Officer Becham left the books in an unsecure sallyport. *Id*. When Mr. Dowdy inquired about the location of his books, he did not receive an answer. *Id*. at 3. He then filed a grievance regarding the missing books, to which he did not receive a response. *Id*. Subsequently, Mr. Dowdy filed the instant civil rights complaint seeking monetary damages and the return of his books. *Id*. at 5.

Mr. Dowdy fails to identify what constitutional provision serves as the basis for his claim for lost property. To the extent Mr. Dowdy brings a claim under § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment, his claim fails. Mr. Dowdy alleges that a corrections officer left his property in an unsecure sallyport, implying it was at risk of being stolen or misplaced. ECF No. 1 at 2-3. However, a negligent deprivation of property is not actionable under § 1983. *See Kerr v. S.C. Dept of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state

a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").

To the extent Mr. Dowdy alleges an unauthorized intentional deprivation of property by a state employee, his claim would fail as he has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012). Finally, Mr. Dowdy does not allege that his books were taken due to their content, therefore there is no basis for a First Amendment claim. *See* ECF No. 1 at 3.

Accordingly, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

A separate Order follows.

<u>March 28, 2023</u>                                    _____/s/_____
                                                                         DEBORAH K. CHASANOW
                                                                         United States District Judge